UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20636-CIV-GAYLES

**TRISHA WHITMIRE and EMILY YANES
DE FLORES,** *individually, and on behalf
of all others similarly situated*,

     Plaintiffs,
v.

**MONAT GLOBAL CORP.,**

     Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for a Protective Order, a Temporary Restraining Order, and a Preliminary Injunction [ECF No. 10] ("Motion"). In the Motion, Plaintiffs ask the Court to issue a temporary restraining order ("TRO") and preliminary injunction preventing Defendant "from engaging in any unsolicited communications with any potential class members regarding this action or threatening litigation based on allegations similar to those herein unless pre-approved by the Court." [ECF No. 10, at 20]. Alternatively, Plaintiffs ask the Court to issue a protective order pursuant to Rule 23(d) of the Federal Rules of Civil Procedure "prohibiting Defendant Monat from communication with potential class members during the pendency of this lawsuit, unless such communications are pre-vetted and approved by this Court." [*Id.*]. The Court has reviewed the filings of counsel and the applicable law. For the reasons that follow, the Motion is denied.

**I.**     **INJUNCTIVE RELIEF**

To obtain a temporary restraining order or a preliminary injunction, a movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief

would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiffs fall short of demonstrating any of the factors necessary to warrant the extraordinary injunctive relief they seek. First, Plaintiffs argue that they have a likelihood of success on the merits "because Defendant's communications to class members are replete with material misstatements and omissions, and are designed to prevent class members from cooperating with Plaintiffs' counsel's investigation and to coerce class members to settle their legal claims for substantially less than full value." [ECF No. 10, at 13]. But "likelihood of success on the merits" goes to the likelihood that Plaintiffs will prevail on the claims they assert in their Complaint—in this case, breach of warranty, violation of the Florida Deceptive and Unfair Trade Practices Act, and strict products liability, among others. Plaintiffs' argument—that injunctive relief is appropriate because they are likely to prevail on their motion for injunctive relief—is circular. Plaintiffs have therefore failed to demonstrate a likelihood of success on the merits.

Plaintiffs have likewise failed to satisfy their burden on each of the other factors. Because there are avenues to address the alleged wrongs on a case-by-case basis—such as anti-SLAPP lawsuits or this Court later reviewing allegedly coerced releases—Plaintiffs have failed to demonstrate irreparable harm in the absence of injunctive relief. And because Plaintiffs ask this Court to impose a broad prior restraint on Defendant's speech and petition rights, the balance of hardships weighs against the relief sought. Finally, Plaintiffs cite the existence of anti-SLAPP statutes to argue that the relief sought here is in the public interest. The Court is unpersuaded. Those statutes offer aggrieved parties a mechanism to seek relief for their alleged harms, obviating the need for the extraordinary relief Plaintiffs seek in their Motion.

## II.     PROTECTIVE ORDER

Plaintiffs alternatively petition this Court for a protective order pursuant to Rule 23(d). Pursuant to Rule 23(d), courts may, in limited circumstances, restrain defendants from communicating with plaintiff class members. As the Supreme Court has explained, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties" and must be "carefully drawn [to] limit[] speech as little as possible." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981). There is no clear record here demonstrating that an order prohibiting such communications is necessary at this time. Significantly, the alleged improper communications are not about this class action, and many of the communications predate the filing of this suit. Based on the undeveloped record, the Court cannot limit communications in a manner carefully drawn to impinge speech as little as possible. Plaintiffs seek, as the very outset of this litigation, to prohibit communications between Defendant and any potential class members. Although Plaintiffs' Reply revises the relief sought—arguing that they seek to prohibit only "the intimidating and coercive communications like the letters sent to [particular individuals who made complaints about Monat's products online]"—the Court finds that such an order would be an unwarranted interference with Defendant's rights.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for a Protective Order, a Temporary Restraining Order, and a Preliminary Injunction [ECF No. 10] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2018.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE